GEORGE F. VIETOR *et al.*

*v.*

HARRY SWISKY *et al.*

*Opinion filed December 16, 1902.*

1. INSOLVENCY—*if insolvent husband prefers wife as a creditor good faith must be proved.* An insolvent debtor has a right to give a preference to his wife if she is a *bona fide* creditor, but proof of the good faith of the transaction should be full and clear.

2. SAME—*when good faith in conveyance to wife is not shown.* Good faith in a conveyance by an insolvent debtor to his wife is not shown where, although the wife testifies she loaned money to her husband at various times, yet she never had a note, never received any interest or asked him to re-pay the money, did not know how much was due, did not ask for the conveyance and knew nothing about it, nor of the value or location of the property, nor how much she was to credit, if anything, upon the indebtedness for it.

*Vietor* v. *Swisky*, 87 Ill. App. 583, reversed.

WRIT OF ERROR to the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. MURRAY F. TULEY, Judge, presiding.

MOSES, ROSENTHAL & KENNEDY, for plaintiffs in error.

200—17

Mr. JUSTICE WILKIN delivered the opinion of the court:

This was a creditor's bill brought by the plaintiffs in error in the circuit court of Cook county to set aside a conveyance by Harry Swisky of certain real estate in that county to his wife, Bertha Swisky, and to subject said real estate to sale to satisfy a judgment of plaintiffs in error against said Harry Swisky. The only question was, whether the conveyance was fraudulent and made to hinder and delay plaintiffs in error in the collection of their judgment, or was made in payment of a *bona fide* debt due from Harry Swisky to his wife. The master found and reported that the conveyance was fraudulent, as charged, and recommended that a decree be entered setting it aside, as prayed in the bill. The chancellor sustained objections to the master's report and dismissed the bill on the hearing. The Appellate Court affirmed the decree, and the complainants then sued out this writ of error to reverse the judgment of the Appellate Court and the decree of the circuit court.

It appeared from the evidence that the judgment of plaintiffs in error for $123.25 was for merchandise sold and delivered by them, as wholesale merchants of New York, to Harry Swisky, who was in the clothing business in Chicago; that Swisky failed in business, and his property, except that in controversy, was sold under execution to pay his debts; that a few days before his failure he made and delivered the deed in controversy. It also appeared that, beginning some time about 1878, said Bertha Swisky received from her father, for a period of eight or nine years, $110 each month, which, as received, she turned over to her husband, and in 1888 received from her father's estate $6000, which she also turned over to said Harry Swisky. The master found that no note or other evidence of indebtedness was given by said Harry to his wife for these sums; that no interest was ever paid or demanded, no accounting had or repayment asked for, and that the moneys so turned over

by Bertha Swisky to her husband were a gift to him, and constituted no consideration for the conveyance.

It was satisfactorily shown by the evidence that considerable sums of money were received by the wife from her father and his estate and delivered to the husband, but the material question is, was the money given to him, or was it loaned with the understanding between the parties that it should be re-paid. Harry Swisky testified that it was a loan, and that he told his wife at the time that he would re-pay it to her at any time she wanted it, and that when she loaned him the $6000 he made a note to her, put it in his safe and told her about it, but that the note was now lost. He also testified, without objection, that her father's will provided that for all moneys loaned by his daughter to her husband he should give a note, and that he had complied with that provision, and that at the time of the transfer he owed her the money. When it is remembered that by his own admission he had been receiving money from his wife during a period of some fourteen years, giving her no note or other evidence of indebtedness until he received the $6000, which was some five years prior to the conveyance, and then simply made a note to her and put it in his own safe and told her about it, saying it was lost, not showing how or by whom, the evidence, viewed from a business standpoint, is, to say the least, not clearly satisfactory as to the money being received as a loan, but has much the appearance of an afterthought. But aside from this, he is contradicted by the evidence of the wife herself. She testifies that she let him have the money,— perhaps says she loaned it to him; but she further says she never had a note, never asked for one, never received any interest, never asked him to re-pay the money, never discussed the question as to how much was due, knew nothing about this conveyance, did not ask for it, does not even know the amount of the property conveyed or its value or location, nor does she know how much she

was to credit, if anything, upon his indebtedness by rea-
son of the conveyance. Swisky, although insolvent, had
the legal right to prefer his wife if she was in fact a *bona
fide* creditor; but the grantee being his wife, proof of the
good faith of the transaction should be full and clear.
*Frank* v. *King,* 121 Ill. 250; *Dillman* v. *Nadelhoffer,* 162 id.
625, and cases cited.

The defendants in error have filed no brief or argu-
ment in this court, and we have relied upon the abstract
of the evidence filed by the plaintiffs in error. Upon a
full consideration of the case as presented we think the
conveyance was fraudulent against the complainants, as
charged in their bill, and that the report of the master
should have been approved by the chancellor.

The judgment of the Appellate Court and the de-
cree of the circuit court are reversed, and the cause is
remanded to the circuit court with directions to enter a
decree as prayed in the bill.    *Reversed and remanded.*